**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| QUICKIE TIE-DOWN ENTERPRISES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CAROLINA NORTH MANUFACTURING, INC., et al., <br><br> Defendants. | No. CIV 06-0493-PHX-SMM <br><br> **MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Defendants' Motion to Strike and to Dismiss for Lack of Jurisdiction and Failure to State a Cause of Action, filed March 28, 2006. [Doc. No. 16] Plaintiff responded on April 7, 2006 [Doc. No. 18], and Defendants filed a Reply on April 21, 2006. [Doc. No. 24] After considering the parties' briefs, the Court now issues the following Memorandum of Decision and Order.  Because the Court finds oral argument would not be helpful, oral argument will not be conducted in this matter.

**BACKGROUND**

Plaintiff Quickie Tie-Down Enterprises ("QTD") and Defendant Carolina North Manufacturing ("CNM") are competing businesses that develop and sell tie-down devices to secure items during transport, such as on flatbed or pickup trucks.  Defendant Kent Southard is President of CNM.

The parties have previously been involved in litigation.  In 1999, CNM brought suit against QTD for patent infringement in the United States District Court for the Middle

District of North Carolina. In May 2000, District Judge Beaty entered a Preliminary Injunction that enjoined QTD from selling any Quickie Tie-Down products. QTD then filed a Motion for Clarification, which was granted, and the preliminary injunction was narrowed to a specific type of tie-down product in July 2000. In the interim, CNM notified QTD's vendors by letter of the injunction and expressed interest in doing business with them. Following the clarified preliminary injunction, QTD wrote those vendors to inform them of the narrow scope of the injunction and to assure them that those products were no longer being produced. The patent litigation ultimately settled in 2001.

In August 2005, QTD entered into a licensing agreement with USA Products Group, Inc. ("USA Products"), under which USA Products will sell QTD's products in exchange for royalties. In November 2005, USA Products purchased booth space at an automotive specialty products trade show in Las Vegas, Nevada, where it planned to exhibit QTD's products. Defendant Southard and other CNM representatives were also at the show, and they allegedly confronted trade show officials with the original, unaltered preliminary injunction from the previous litigation. Southard and the CNM representatives allegedly demanded that QTD's products be pulled from the trade show floor, and the officials complied. These events apparently took place on the trade show floor in front of attendees who included potential and current QTD customers.

After the trade show, CNM sent a letter to USA Products informing them of their patents and the consequences of engaging in patent infringement. QTD believes that CNM has continued to contact prospective and current QTD customers and falsely accuse QTD of failing to comply with court orders and infringing on CNM's patents. As a result of Defendants' conduct, QTD purportedly has suffered a significant drop in its business, customers, sales representatives, and a loss of goodwill and damage to its reputation.

QTD filed a Complaint in this Court on February 15, 2006 alleging eight counts: (1) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1); (3) trade libel; (4) defamation; (5)

intentional interference with prospective economic advantage; (6) inducing breach of contract; (7) common law unfair competition; and (8) abuse of process.

Defendants filed the instant Motion to Strike and to Dismiss for Lack of Jurisdiction and Failure to State a Cause of Action on March 28, 2006. [Doc. No. 16] Plaintiff responded on April 7, 2006 and objects to Defendants' Exhibit to their Motion [Doc. Nos. 17, 18], and Defendants replied on April 21, 2006. [Doc. No. 24]

The Court's exercise of jurisdiction over Counts I and II is proper under 28 U.S.C. § 1331, because the matter in controversy arises under the laws of the United States. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Counts III through VIII, which are state law claims, because they share a "common nucleus of operative fact" with the federal claims. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). Venue is proper under 28 U.S.C. § 1391(b).

## DISCUSSION

With their Motion to Strike and Dismiss, Defendants attached one exhibit, a Mutual Release and Covenant not to Sue between the parties dated January 2001. Plaintiff objects to and moves to strike that exhibit. The Court will first address this objection, and will then consider Defendants' Motion.

**A. Plaintiff's Objection/Motion to Strike**

Plaintiff objects to and moves to strike Defendants' exhibit on evidentiary grounds and on the basis that courts may not consider material outside the pleadings in a Rule 12(b)(6) or Rule 12(f) motion. Defendants have not responded to Plaintiff's objection.

The Court agrees with Plaintiff that when ruling on a Rule 12(b)(6) or Rule 12(f) motion, the Court must not consider extrinsic materials.[1] Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (12(b)(6) motion); see Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, in 510 U.S. 517

---

[1]The Court could consider the exhibit in the Rule 12(b)(6) Motion if it converted the Motion to a Motion for Summary Judgment. However, the Court will not do so at this stage in the litigation.

- 3 -

(1994) (12(f) motion). Rather, the grounds for granting those motions must be apparent from the face of the pleadings themselves. Therefore, the Court will not consider the exhibit in its analysis of Defendants' Motion, but declines to strike the exhibit. Moreover, for reasons set forth below, the Court need not reach the subject matter of the proffered exhibit to make its ruling.

## B. Defendants' Motion to Strike and Dismiss

Defendants assert numerous grounds for their Motion. First, Defendants argue that Plaintiff's claims should be held to the heightened pleading standard of Rule 9(b) and that, because Plaintiff has failed to meet that standard, the offending portions of the Complaint (including all of Plaintiff's factual allegations) should be stricken under Rule 9(b). Defendants also argue that other allegations by Plaintiff should be stricken for various reasons; they argue that some of Plaintiff's allegations are time-barred, some are covered by the Covenant Not to Sue entered into by the parties in 2001, some do not comply with Rule 12(f), and some do not allege bad faith as required. Defendants then contend that after the offending portions of the Complaint are removed, the Complaint fails to state a cause of action and Plaintiff's claims should thus be dismissed under Rule 12(b)(6). Defendants also argue that after the Lanham Act claims are dismissed pursuant to Rule 12(b)(6), the remaining state law claims should be dismissed for lack of jurisdiction.[2] The Court now addresses each of those arguments in turn.

### Rule 9(b)

The first, and primary, grounds for Defendants' Motion is the particularity requirement of Rule 9(b). Defendants move to strike paragraphs 28, 34-38, 42-43, 45-46, 52, and 54-55 of the Complaint under Rule 9(b).

---

[2]The Court notes that Defendants' lack of subject matter jurisdiction arguments are somewhat inconsistent. In their Motion, Defendants argue that the Lanham Act claims should be dismissed for failure to state a claim and that the state law claims should be dismissed for lack of subject matter jurisdiction. (Mot. at 6-7.) However, in their Reply, Defendants argue that *all* of Plaintiffs claims should be dismissed for failure to state a claim. (Reply at 6.)

- 4 -

a. Whether Plaintiff has averred fraud

Rule 9(b) of the Federal Rules of Civil Procedure provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). In Vess v. Ciba-Geigy Corp., the Ninth Circuit examined Rule 9(b) and held:

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).
> In other cases, however, a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements.

317 F.3d 1097, 1103-04 (9th Cir. 2003). In addition, "[f]raud can be averred by specifically alleging fraud." Id. at 1105.

To establish a claim for fraud in Arizona, "a plaintiff must show that the defendant made a false, material representation that he knew was false or was ignorant of its truth, with the intention that the hearer of the representation act on it in a manner reasonably contemplated, that the hearer was ignorant of the representation's falsity, rightfully relied on the truth of the representation, and sustained consequent and proximate damage." Haisch v. Allstate Ins. Co., 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (citing Echols v. Beauty Built Homes, Inc., 647 P.2d 629, 631 (Ariz. 1982)).

Although the law is unsettled as to whether the Lanham Act claims alleged by Plaintiff are grounded in fraud,[3] the Complaint alleges in the Lanham Act claims that Defendants' conduct is "fraudulent." (Compl. ¶¶ 48, 57) The Complaint also alleges in the state law claims that "Defendants have engaged in conduct . . . such as to constitute

---

[3] For example, compare Collegenet, Inc. v. Xap Corp., No. CV 03-1229(HU), 2004 WL 2303506 at *5-6 (D. Or. Oct. 12, 2004), with John P. Villano Inc. v. CBS, Inc., 176 F.R.D. 130, 131 (S.D.N.Y. 1997).

oppression, *fraud*, or malice" (Id. at ¶¶ 66, 74, 80, 86, 91, 98) (emphasis added).  Thus, Plaintiff specifically alleges fraud as to each of its claims.[4]

In addition, although Plaintiff has pled no claims titled "fraud," Plaintiff's claims encompass the elements of fraud under Arizona law. The claims center on Plaintiff's allegations that Defendants deceived trade show participants and officials about the validity of the preliminary injunction entered by Judge Beaty in the previous patent litigation (the "preliminary injunction") and consequently misrepresented the preliminary injunction though oral and written communications to Plaintiff's licensee and potential and existing customers. Furthermore, Plaintiff characterizes Defendants' actions as "a *crusade* to destroy [Plaintiff's] business" and a "*campaign* of misinformation."  (Compl. ¶ 29, 36.) (emphasis added) Thus, Plaintiff's claims allege a unified course of fraudulent conduct, rather than alleging some fraudulent conduct and some non-fraudulent conduct. See Vess, 317 F.3d at 1103-04. Plaintiff relies on that course of conduct as the basis for all of its claims.  Also, Plaintiff avers fraud by specifically alleging in each count of its Complaint that Defendants' conduct either was "fraudulent" (Counts I and II) or constituted "fraud" (Counts III-VIII).  See id. at 1105. The Court therefore concludes that, despite Plaintiff's contention to the contrary in its Opposition to the Motion to Dismiss, Plaintiff clearly averred fraud in each and every count of the Complaint.

Because Plaintiff relies on a unified course of conduct for the entirety of its claims, the Complaint is considered "grounded in fraud" and Rule 9(b)'s particularity requirement applies to the entire Complaint. Id. at 1103-04. The Court will therefore apply Rule 9(b)'s heightened standard and consider whether the particularity requirement is met.

b.  Whether Plaintiff has met Rule 9(b)'s heightened pleading standard

"Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Id. at 1106 (citation and internal quotation marks omitted).  To

---

[4] The Court recognizes that Plaintiff alleged that Defendants' conduct as to the state law claims constituted fraud or oppression or malice.  However, by employing the word "fraud" in those allegations, Plaintiff avers fraud as to those claims. Vess, 317 F.3d at 1105.

- 6 -

1  comport with Rule 9(b), Plaintiff "must set forth what is false or misleading about a
2  statement, and why it is false." Id. (citation omitted).  The mere incantation or conclusory
3  allegation of "fraud" does not satisfy Rule 9(b)'s particularity requirement. Moore v. Kayport
4  Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989).

5  　　　　The Court notes that there is an exception to the heightened pleading requirement of
6  Rule 9(b) in instances where a plaintiff is without sufficient knowledge to plead with
7  specificity.  Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).  However, because
8  Plaintiff has not invoked this exception in its Complaint or in its Response to the instant
9  Motion, the Court declines to apply the exception to this case.  Thus, the Court will apply the
10 heightened standard to Plaintiff's Complaint.

11 　　　　The Court first considers the identity of the speakers of the alleged misrepresentations.
12 Plaintiff alleges Defendant Southard misrepresented the scope of the preliminary injunction
13 at the trade show, but Plaintiff also alleges that counsel for CNM, James Lester, sent a letter
14 to USA Products that is somehow misleading or misrepresentative of the previous litigation.
15 (See Compl. ¶¶ 36, 37.)  Although Plaintiff sufficiently identifies the speakers of the
16 misrepresentations, the Court notes that Mr. Lester currently represents Defendants in this
17 matter and has not been named as a defendant in this action.  The Court is not suggesting he
18 should be so named, however, and further notes that involving Mr. Lester as an actor raises
19 the specter of Mr. Lester as a witness in this action.

20 　　　　Though Plaintiff has sufficiently identified the speaker of the alleged
21 misrepresentations, Defendant Southard and CNM's attorney, the Court finds that Plaintiff
22 has not met the heightened standard of Rule 9(b).  In particular, the Court is troubled by the
23 lack of specificity in the Complaint as to when Defendants' misrepresentations occurred.
24 Although it appears that the events leading up to this cause of action began at the November
25 2005 trade show, Plaintiff alleges no time frame in some counts and "November 2005 *at the*
26 *latest*" in others. (Compl. ¶¶ 61, 68, 93.) (emphasis added) By definition, the phrase
27 "November 2005 at the latest" includes all time before November 2005.  Such an expansive
28 time frame, or no time frame at all, is insufficient to put Defendants on notice of the claims

1  against them. See Vess, 317 F.3d at 1106 (the circumstances constituting the alleged fraud
2  must "be specific enough to give defendants notice of the particular misconduct . . so that
3  they can defend against the charge and not just deny that they have done anything wrong").

4  As noted previously by the Court in this Order, Plaintiff's claims seem to center on
5  Defendant's alleged misrepresentations at the trade show and in subsequent communications,
6  but by alleging such a broad time frame, a defendant cannot be certain as to what conduct
7  Plaintiff alleges because conduct occurring before "November 2005 at the latest" may also
8  be included. As Defendants contend in their Motion, statute of limitations issues, *inter alia*,
9  may arise if earlier conduct is indeed alleged by Plaintiff. Therefore, the lack of specificity
10 as to when the misrepresentations occurred raises uncertainty as to the scope of the conduct
11 Plaintiff alleges occurred, and thus how and where those misrepresentations took place.
12 Consequently, the Court concludes that Plaintiff has not met Rule 9(b)'s particularity
13 requirement.

14 If the Court determines that certain averments of fraud are insufficiently pled under
15 Rule 9(b), it should first "disregard" those averments or "strip" them from the claim and then
16 look to the remaining allegations and determine whether they state a claim. Vess, 317 F.3d
17 at 1105. In cases such as this one, however, where Plaintiff's claims rely on a unified course
18 of conduct and the Complaint is grounded in fraud, the Ninth Circuit has observed:

> If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint. In that event, a motion to dismiss under Rule 12(b)(6) would obviously be granted. Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissal under the two rules are treated in the same manner. As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice. Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.

24 Id. at 1107-08 (internal citations and quotation marks omitted).

25 Because Plaintiff has failed to meet Rule 9(b)'s heightened pleading requirement as
26 to all claims, and because "there is effectively nothing left of the complaint," see id., the
27 Court will grant Defendants' Motion with leave to amend. Plaintiff will be given leave to
28

- 8 -

1 amend with the level of specificity required by Rule 9(b) of the Federal Rules of Civil
2 Procedure, as it appears possible to the Court that Plaintiff can cure the Complaint's defect.
3     Because the Court will dismiss the Complaint pursuant to Rule 9(b), the Court need
4 not reach the remainder of Defendants' arguments.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike and to Dismiss for Lack of Jurisdiction and Failure to State a Cause of Action [Doc. No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is hereby given **LEAVE TO AMEND** the Complaint.

DATED this 23rd day of May, 2006.

_____
Stephen M. McNamee
United States District Judge